LOU M. HATFIELD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hatfield v. Commissioner
Docket No. 3831-78.
United States Tax Court
T.C. Memo 1979-181; 1979 Tax Ct. Memo LEXIS 344; 38 T.C.M. (CCH) 756; T.C.M. (RIA) 79181; May 9, 1979, Filed Lou M. Hatfield, pro se. Gary A. Benford, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in income tax and additions to tax against petitioner for the years and in the amounts as follows: Additions to
Tax, I.R.C.
Year
Deficiency in
1954 [1]
Sec.
Ended
Income Tax
Sec. 6651(a)
Sec. 6653(a)
6654(d)
1972
$706
$ 27.88
$35.30
$ 0
1973
779
194.75
38.95
24.93
1975
917
229.25
45.85
39.91
*345 Petitioner filed a petition attaching a copy of the notice of deficiency. Other than the allegations of her address and the mailing of the notice of deficiency, the petition consisted of the following: 3. The "deficiencies" as determined by the Commissioner or some other servant of the people, are for the taxable years 1972, 1973 and 1975, plus "penalties", interest and other additives, and all items are in dispute as set forth in said Deficiency Notice. 4. The Commissioner erred in the assessment. 5. The "facts" used as a base for the assessment are false and fictitious. Respondent in his answer admitted the allegations of paragraph 3, denied the allegations of paragraphs 4 and 5 and made affirmative allegations on the basis of which he requested the Court to conclude that the petition filed in this case is frivolous, that the proceedings were brought for delay, and that damages from petitioner under the provision of section 6673 should be awarded to the United States in an amount not in excess of $500. Petitioner filed a document entitled "Reply and Motion" *346 with respect to this answer which was filed as a "Motion to Strike." Petitioner's Motion to Strike was set for hearing in Washington, D.C. and no appearance was made by petitioner. The Court denied petitioner's Motion to Strike. This case was calendared for hearing at Dallas, Texas on March 5, 1979, and notice of this hearing was served on petitioner on November 30, 1978. When the case was called for trial at Dallas, Texas, there was no appearance by or on behalf of petitioner. Respondent filed a motion to dismiss the case for lack of prosecution and in that motion requested the Court to find the deficiencies and additions to tax as determined in the statutory notice of deficiency and to further find that damages are due from petitioner in an amount not in excess of $500. The Court directed the clerk to attempt to locate petitioner to notify her that respondent's motion to dismiss for lack of prosecution had been filed at the call of the case. Although the clerk was unable to reach petitioner, the Court recalled the case on March 6 and again on March 7. No appearance was made by or on behalf of petitioner when the case was recalled. When this case was called on March 6, respondent *347 filed an affidavit of one of his attorneys to which was attached photostatic copies of Forms W-2 made out in petitioner's name for 1972, 1973, 1974 and 1975 and copies of Forms 1040 filed by petitioner for the years 1972, 1974 and 1975. On March 7, 1979, the Court entered an order allowing each party until April 23, 1979, to file a brief with respect to respondent's motion to dismiss for lack of prosecution filed March 5, 1979. On March 16, 1979, this order, together wish a copy of the affidavit of respondent's attorney, was served on petitioner by certified mail sent to the address the Court had for petitioner in Dallas, Texas.The envelope containing these documents was returned to the Court and was re-mailed to the same address by ordinary mail and again returned. Petitioner resided in Dallas, Texas at the time her petition in this case was filed. The Form 1040 filed by petitioner for each of the years 1972, 1974 and 1975 contained in the space provided for names of the taxpayers the names James L. and Lou M. Hatfield, and under "Filing Status" Box 2, "Married filing joint return," is checked.The name on the return for 1972 is obviously from a label of the type generally placed *348 on blank copies of returns mailed to taxpayers by the Internal Revenue Service. The only signature on the Form 1040 for each of the years 1972, 1974 and 1975 is that of Lou M. Hatfield. None of these returns contained any information in the spaces provided for information with respect to income, deductions and tax computations.Across the face of the return for 1972 is written "Filed Under Protest." Petitioner in this case is the same individual as the petitioner in , involving the year 1974, in which case an opinion was filed on September 12, 1977. The petition in the instant case was filed on April 10, 1978. The burden of proof with respect to the deficiencies determined by respondent and the additions to tax under sections 6651(a), 6653(a) and 6654 is on petitioner. Rule 142(a), Rules of Practice and Procedure, United States Tax Court; ; ; . Therefore, respondent's motion to dismiss this case for lack of prosecution and determine *349 the deficiencies and additions to tax as determined in the notice of deficiency will be granted. Section 6673 provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary or his delegate and shall be collected as a part of the tax. Respondent's primary argument in this case is that because petitioner is the same individual as the petitioner in , in which we called attention to the provision of section 6673, the Court should conclude that these proceedings have been instituted by petitioner merely for delay as alleged in respondent's answer. In our view, there is not sufficient evidence in this case to conclude that petitioner instituted this case merely for delay. Respondent in his brief recites his many unsuccessful efforts to contact petitioner after this case was set for trial on March 5, 1979. *350 It is not absolutely clear from this record that petitioner was actually notified of the setting of this case for trial, although there is no indication in the record that the notice of the setting of the case for trial served on petitioner on November 30, 1978, was returned. This notice was mailed to petitioner at P.O. Box 10571 in Dallas, Texas. Respondent in his brief states that on January 26, 1979, he mailed by certified mail a letter to petitioner at the address of her last known employer "because the petitioner, in her previous case, stated she never received anything at her P.O. Box." From the statements made in respondent's brief, it is clear that counsel for respondent was never able to contact petitioner with respect to the trial of the case on March 5, 1979. When respondent filed the affidavit of his attorney at the hearing on March 6, 1979, the Court called attention to the fact that the returns attached to that affidavit were all in joint names. Counsel for respondent then stated that petitioner was divorced from James L. Hatfield in 1967 but she "refuses to recognize that divorce, for her own personal reasons." It is not explained in the record why the Forms *351 W-2 issued to petitioner for the years 1973, 1974 and 1975 showed no amount of Federal income tax withheld. From the total wages reported on these Forms W-2 it appears that there should have been withholdings for a single person. All of these Forms W-2 show FICA employee tax withheld. On the 1973 and 1974 Forms W-2 a space is provided for showing whether the individual whose wages are reported thereon is single or married. On these W-2 forms under the word "Status" appears "1. Single, 2. Married." In the box of the W-2 forms issued to petitioner for 1973 and 1974 is what appears to be the letter "F." The petition filed in this case is comparable to many pro se petitioners. It contains no real indication of the grounds on which petitioner contests the deficiencies determined. Respondent points out that in her motion to strike his answer petitioner made several contentions comparable to the contentions considered by the Court in deciding the 1974 case against petitioner. However, in this motion to strike petitioner also states that-- A. What Petitioner has or has not done in this "court" in the past is of absolutely no consequence as concerns this Case; * * *
C. *352 The allegations in this Case have no bearing on any other case before this "court", past, present and/or future; D. Therefore, this Case should stand or fall on its own merits without any outside influences of whatever nature. These statements indicate that petitioner may have intended to contest respondent's determination in the notice of deficiency on grounds other than those raised in her 1974 case. We did not strike respondent's affirmative allegations in his answer. However, the burden to prove these allegations is on respondent. A showing of facts sufficient for the Court to conclude that this proceeding was brought merely for delay is necessary for damages to be determined under section 6673. Although respondent makes numerous arguments with respect to his claim for damages, the only fact shown in the record is that petitioner is the same individual as the petitioner in . Considering the meager facts here present, we conclude that it has not been shown that this proceeding was brought merely for delay. By holding that respondent is entitled to the addition to tax under section 6651(a), we have effectively *353 held that the documents filed by petitioner for 1972 and 1975 were not the returns required by the revenue laws and that the record does not show that a return was filed for 1973. We have determined the additions to tax for negligence under section 6653(a) because of petitioner's failure of proof to the contrary. Although we do not understand why there was no withholding from petitioner's wages for the years 1973 and 1975, because of petitioner's failure to show error in respondent's determination of the additions to tax under section 6654 we have sustained that determination. The additions to tax we have determined under sections 6651(a), 6653(a) and 6654 are to compensate respondent for any extra time and effort on the part of his employees caused by petitioner's failure to file returns, her negligence and her failure to pay her estimated tax. The damages provided for under section 6673 are for the institution by a taxpayer of a proceeding before this Court merely for delay. Such damages are to be determined only when it appears to the Court from facts before it that the proceeding was instituted merely for delay. Such facts are not before the Court in this case. Respondent's *354 motion that this Court determine damages of $500 against petitioner under section 6673 will be denied. An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩